UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEITH BELL, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-cv-1157-P |
| § | |
| EAGLE MOUNTAIN-SAGINAW § | |
| INDEPENDENT SCHOOL DISTRICT, § | |
|     Defendant. § | |

**DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Eagle Mountain-Saginaw Independent School District (hereinafter, "the District," or "EMSISD") and files this its Motion to Dismiss in response to Plaintiff's Complaint (Docket Entry ("DE") 1) and would show the Court the following:

**I. MOTION TO DISMISS**

1. Plaintiff Dr. Keith Bell filed suit against EMSISD on October 22, 2020. (DE 1). Plaintiff brings copyright infringement claims against the District based on a *single* tweet on December 9, 2017 by the Chisholm Trail High School Softball Twitter account (@CTHSSoftball), which was retweeted *once* by the Chisholm Trail High School Color Guard Twitter account (@CTHSColorGuard) that same day. (DE 1, p. 7, ¶22-26; pp. 27-28, 30-31). Specifically, Plaintiff claims that the tweet and retweet[1] displayed a one-page excerpt from Bell's 72-page book, *Winning Isn't Normal* ("WIN passage"), in violation of copyright law. Defendant EMSISD files this Motion

---

[1] The "Retweet" feature of Twitter allows a user to quickly share another user's post. The content looks the same as the initial tweet but will be distinguished by the "Retweet" icon and the phrase "[Username] Retweeted" at the top of the post to indicate that the post is a "Retweet." This is visible at the top of the @CTHSColorGuard page. (DE 1, pp. 30-31).

1

to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in an attempt to narrow the claims in the present matter.

2.      In his lawsuit, Plaintiff attempts to "cover all his bases" by alleging that the tweet and retweet are violations of copyright law under a direct infringement, vicarious infringement, or contributory infringement theory of liability and tries to reject the Fair Use doctrine's applicability in this case. (DE 1, pp. 9-14). For the reasons set out below and in its Brief in Support of this motion, Defendant EMSISD is entitled to dismissal of Plaintiff's claims.

        **A.**     **Plaintiff has not stated a claim for direct copyright infringement.**

3.      Plaintiff has not pled a claim for direct infringement. Even assuming *arguendo* that he has, the fair use doctrine warrants dismissal in this case.

        **B.**     **Plaintiff has not stated a claim for vicarious copyright infringement.**

4.      Vicarious infringement establishes liability when the "defendant profits ***directly*** from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. at 930 n. 9, 125 U.S. 2776 (2005) (emphasis added). However, Plaintiff's factual allegations fail to raise the right to relief above the speculative level as required by *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). The complaint makes no specific allegation that the District received a direct financial benefit from the Twitter posts.

        **C.**     **Plaintiff has not stated a claim for contributory copyright infringement.**

5.      "A party is liable for contributory infringement when it, 'with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another.' " *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (citation omitted). Plaintiff's complaint baldly states that EMSISD materially contributed to the tweet and nothing more. (DE 1, p. 13,

¶43). This allegation is simply insufficient to plead a plausible case of contributory infringement because it cannot establish that the school district encouraged, enabled, supported, or endorsed the post simply because it had a general policy prohibiting copyright infringement.

> **D.  To the extent the Court finds any claim rises above the plausibility standard at this stage as it must, Plaintiff's copyright claims should be alternatively dismissed based on the doctrine of innocent infringement.**

6.  Any person who innocently infringes a copyright, in reliance upon an authorized copy or phono record from which the copyright notice has been omitted, incurs no liability for actual or statutory damages under 17 U.S.C. § 504 for any infringing acts before receiving actual notice that registration for the work has been made under 17 U.S.C. § 408, if such person proves that he or she was misled by the omission of notice. As the exhibits to Plaintiff's Complaint show, there is no indication on the copy of the WIN passage that it was protected by copyright, nor whether the copy was authorized, and no indication that this would not be fair use or an educational use. In this case, the works at issue are shown in Exhibits D and E of Plaintiff's complaint. (DE 1, pp. 26-33). The Court may view the evidence provided by Plaintiff and make its own assessment to find innocent infringement. At a minimum, this Court should find as a matter of law, that any infringement was innocent.

> **E.  Plaintiff's Declaratory Action under Federal Rule of Civil Procedure 57 Should Also be Dismissed.**

7.  Plaintiff claims that he seeks "Declaratory Judgment under 28 U.S.C. § 2201 under Rule 57." (DE 1, p. 14, ¶47). However, he fails to indicate what declaration action he is seeking or indicate any basis that has waived the District's immunity for such action. As such, his claim should be dismissed for lack of subject matter jurisdiction.

## II.  CONCLUSION

WHEREFORE PREMISES CONSIDERED, as demonstrated in its Brief in Support of its Motion to Dismiss, filed contemporaneously herewith, Defendant Eagle Mountain-Saginaw Independent School District asks the Court to grant its motion to dismiss all claims and award any and all additional relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Kelley L. Kalchthaler*
KELLEY L. KALCHTHALER
State Bar No. 24074509
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
505 E. Huntland Drive, Suite 600
Austin, Texas 78752
Phone: (512) 454-6864
Fax: (512) 467-9318
Email: kkalchthaler@wabsa.com

MEREDITH PRYKRYL WALKER
State Bar No. 24056487
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
Phone: (214) 574-8800
Fax: (214) 574-8801
Email: mwalker@wabsa.com

*ATTORNEYS FOR DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of January, 2021, a true and correct copy of the above and foregoing document was served upon all counsel of record as follows:

| | |
|---|---|
| Warren V. Norred | ***Via Electronic Case Filing*** |
| NORRED LAW, PLLC | |
| 515 E. Border Street | |
| Arlington, Texas 76010 | |

                                               */s/ Kelley L. Kalchthaler*
                                               KELLEY L. KALCHTHALER