UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH BELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1157-P |
| | § | |
| EAGLE MOUNTAIN-SAGINAW | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

**DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Respectfully submitted,

*/s/ Kelley L. Kalchthaler*
KELLEY L. KALCHTHALER
State Bar No. 24074509
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
505 E. Huntland Drive, Suite 600
Austin, Texas 78752
Phone: (512) 454-6864
Fax: (512) 467-9318
Email: kkalchthaler@wabsa.com

MEREDITH PRYKRYL WALKER
State Bar No. 24056487
WALSH GALLEGOS TREVIÑO
  RUSSO & KYLE P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
Phone: (214) 574-8800
Fax: (214) 574-8801
Email: mwalker@wabsa.com

***ATTORNEYS FOR DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT***

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

I.   STATEMENT OF THE CASE......................................................................................1

II.  MOTION TO DISMISS STANDARD..........................................................................2

III. ARGUMENT AND AUTHORITIES............................................................................3

    A.   Plaintiff has not stated a claim for direct copyright infringement .........................3

    B.   Plaintiff cannot state a claim for vicarious copyright infringement. ......................7

    C.   Plaintiff cannot state a claim for contributory copyright infringement. .................9

    D.   To the extent the Court finds any claim rises above the plausibility standard at this stage as it must, Plaintiff's copyright claims should be alternatively dismissed based on the doctrine of innocent infringement. ..................................10

    E.   Plaintiff's declaratory action under Federal Rule of Civil Procedure 57 should also be dismissed.................................................................................................11

IV.  CONCLUSION AND PRAYER ..................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937) .............................................................12

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
    166 F.3d 772 (5th Cir. 1999) ................................................................................................9

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .....................................................................................................2, 3

*Balistreri v. Pacifica Pol. Dept.*,
    901 F.2d 696 (9th Cir. 1988) ................................................................................................2

*Bell v. Magna Times, LLC*,
    No. 2:18CV497DAK, 2019 WL 1896579 (D. Utah Apr. 29, 2019) ..............................4, 10

*Bell Atlantic Corp. v. Twombly*,
    127 S.Ct. 1955 (2007) ......................................................................................................2, 8

*Blanch v. Koons*,
    467 F.3d 244 (2nd Cir. 2006) ................................................................................................5

*Brewer v. Gutierrez*,
    No. A-18-CV-1061-LY, 2019 WL 2177917 (W.D. Tex. May 20, 2019) .........................12

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*
    915 F.2d 167, 170 (5th Cir. 1990) ......................................................................................12

*DynaStudy, Inc. v. Houston Indep. Sch. Dist.*,
    325 F. Supp. 3d 767 (S.D. Tex. 2017) ...............................................................................10

*Ellison v. Robertson*,
    357 F.3d 1072 (9th Cir. 2014) ..............................................................................................8

*Estate of Vane v. The Fair*,
    849 F.2d 186 (5th Cir. 1988) ..............................................................................................11

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
    76 F.3d 259 (9th Cir. 1996) ..................................................................................................8

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*,
    463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) .........................................................12

*Harper & Row Pub., Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) ................................................................................................5

*Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*,
    723 F.2d 1173, 1179 (5th Cir. 1984) ....................................................................12

*Maverick Recording Co. v. Harper*,
    598 F.3d 193 (5th Cir. 2010) ................................................................................11

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S., 125 U.S. 2776 (2005) .............................................................................8

*Murray v. Amoco Oil Co.*,
    539 F.2d 1385 (5th Cir. 1976) ................................................................................2

*Peteski Prods., Inc. v. Rothman*,
    264 F. Supp. 3d 731 (E.D. Tex. 2017) ...................................................................6

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ..................................................................................3

*Rodriguez v. Tex. Comm'n on the Arts*,
    992 F. Supp. 876 (N.D. Tex. 1998), *aff'd* 199 F.3d 279 (5th Cir. 2000) ................2

*Skelly Oil Co. v. Phillips Petroleum Co.*,
    339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) ..............................................12

*Tuchman v. DSC Comm'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ..................................................................................3

*Ventura Content, Ltd. v. Motherless, Inc.*,
    885 F.3d 597 (9th Cir. 2018) ..................................................................................9

*ZeniMax Media, Inc. v. Oculus VR, LLC*,
    116 F. Supp. 3d 697 (N.D. Tex. 2015) ...............................................................3, 8

**<u>Codes</u>**
17 U.S.C. § 107 ..............................................................................................................5
17 U.S.C. § 107(2) .........................................................................................................6
17 U.S.C. § 408 ............................................................................................................10
17 U.S.C. § 504 ............................................................................................................10
17 U.S.C. § 504(c)(2) ...................................................................................................11
28 U.S.C. § 2201 ....................................................................................................11, 12

**<u>Rules</u>**

FED. R. CIV. P. 12(b)(1) ........................................................................................................... 2
FED. R. CIV. P. 12(b)(6) ..................................................................................................... 2, 10
FED. R. CIV. P. 57 .................................................................................................................. 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH BELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-1157-P |
| | § | |
| EAGLE MOUNTAIN-SAGINAW | § | |
| INDEPENDENT SCHOOL DISTRICT, | § | |
|     Defendant. | § | |

**DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Eagle Mountain-Saginaw Independent School District (hereinafter, "the District," or "EMSISD") and in support of its Motion to Dismiss shows the Court the following:

### I.   STATEMENT OF THE CASE

1.  Plaintiff Dr. Keith Bell filed suit against EMSISD on October 22, 2020. (Docket Entry ("DE") 1). Plaintiff brings copyright infringement claims against the District based on a *single* tweet on December 9, 2017 by the Chisholm Trail High School Softball Twitter account (@CTHSSoftball), which was retweeted *once* by the Chisholm Trail High School Color Guard Twitter account (@CTHSColorGuard) that same day. (DE 1, p. 7, ¶22-26; pp. 27-28, 30-31). Specifically, Plaintiff claims that the tweet and retweet[1] displayed a one-page excerpt from Plaintiff's 72-page book, *Winning Isn't Normal* ("WIN passage"), in violation of copyright law.

---

[1] The "Retweet" feature of Twitter allows a user to quickly share another user's post. The content looks the same as the initial tweet but will be distinguished by the "Retweet" icon and the phrase "[Username] Retweeted" at the top of the post to indicate that the post is a "Retweet." This is visible at the top of the @CTHSColorGuard page. (DE 1, pp. 30-31).

1

Defendant EMSISD files this Brief in Support of its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) in an attempt to narrow the claims in the present matter.

## II.   MOTION TO DISMISS STANDARD

2.  Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may challenge the jurisdiction of the district court over subject matter asserted by the plaintiff. *See* FED. R. CIV. P. 12(b)(1); *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd* 199 F.3d 279 (5th Cir. 2000). The burden of proof for a motion to dismiss is on the party asserting jurisdiction. *Id*. (citing *McDaniel v. U.S.,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)). Accordingly, the plaintiff constantly bears the burden of proving that jurisdiction does in fact exist. *Id*. (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980)). The purpose of a Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief. *See Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir. 1976). The Rule 12(b)(6) motion only tests whether the claim has been adequately stated in the complaint. Dismissal is proper if there is either: (1) "the lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Pol. Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

3.  To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). Although the facts stated in the complaint need not be detailed, they must be sufficient "to state a claim to relief that is plausible on its face" and must "raise a right of relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

### III.   ARGUMENT AND AUTHORITIES

4.   In his lawsuit, Plaintiff attempts to "cover all his bases" by alleging that the tweet and retweet are violations of copyright law under a direct infringement, vicarious infringement, or contributory infringement theory of liability and tries to reject the Fair Use doctrine's applicability in this case. (DE 1, pp. 9-14).

#### A.   Plaintiff has not stated a claim for direct copyright infringement.

5.   In order to state a claim for direct copyright infringement, a plaintiff must plausibly establish that (1) he owns a valid copyright; and (2) the defendant copied constituent elements of the plaintiff's work that are original. *ZeniMax Media, Inc. v. Oculus VR, LLC*, 116 F. Supp. 3d 697, 704 (N.D. Tex. 2015). As the Court knows, EMSISD is an independent school district operating in Fort Worth, Texas. The District itself cannot tweet or post on social media. Plaintiff does not allege that an employee of EMSISD posted the passage at the District's direction or in any way make efforts to post the WIN passage. Plaintiff also does not allege that any posting was made on any District-owned or -operated website. As such, a theory of direct infringement liability is inappropriate. Therefore, Plaintiff is left with a vicarious or contributory theory of liability.

3

However, assuming *arguendo* that he could make a claim, the fair use doctrine would warrant dismissal in this case.

6. Plaintiff's Complaint alleges copyright ownership and includes a copy of copyright registration, which is "prima facie evidence of the validity of the copyright." *Id*. (citing 17 U.S.C. § 410(c)). Thus, for purposes for this Motion to Dismiss, the Court may decide whether Defendant unlawfully appropriated protected portions of the copyrighted work, which involves two separate inquiries: "1) whether the defendant, as a factual matter, copied portions of the plaintiff's [work]; and 2) whether, as a mixed issue of fact and law, those elements of the [work] that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable." *Id*. The fair use doctrine would come under the second prong of determining whether the appropriation of the copied work is actionable. *See Bell v. Magna Times, LLC*, No. 2:18CV497DAK, 2019 WL 1896579, at *2 (D. Utah Apr. 29, 2019).

7. Fair use is a mixed question of law and fact. In this case, Plaintiff alleges that EMSISD displayed a page from his 70+ page book.[2] The Copyright Act includes the section generally known as the "fair use" exception where someone may use a portion of a work without permission or payment. It provides in relevant part:

> [F]air use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
> i. The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> ii. The nature of the copyrighted work;
> iii. The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

---

[2] A search of the ISBN referenced in the First Amended Complaint shows that the book at issue is 72 pages. Defendant offers this should the Court decide to take judicial notice of this fact.

      iv.     The effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The District argues that any such use would fall under the fair use doctrine as a matter of law. The factors enumerated in the section are not meant to be exclusive "since the doctrine is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts." *Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

8.     As for the first factor, the use at issue was not commercial. Plaintiff does not allege that there was any commercial use by EMSISD, but even assuming that were true, at most, the nature of the use would have been for nonprofit educational purposes. It is undisputed that EMSISD is a public school district operating in Fort Worth, Texas. It is clear on their face that the posts lack any obvious commercial characteristics. The Twitter pages are clearly intended to share information about the softball team and color guard. The core concern addressed by the first sub-factor is "the unfairness that arises when a secondary user makes unauthorized use of copyrighted material to capture significant revenues as a direct consequence of copying the original work." *Blanch v. Koons*, 467 F.3d 244, 253 (2nd Cir. 2006) (quoting *Am. Geophysical Union v. Texaco, Inc.*, 60 F.3d 913, 922 (2nd Cir. 1994)). The "greater the private economic rewards reaped by the secondary user (to the exclusion of broader public benefits), the more likely the first [statutory] factor will favor the copyright holder." *Id*. Here, there is none. As such, this factor falls in favor of EMSISD.

9.     Assuming *arguendo* that any benefit was derived, it would not have been for a commercial purpose. Indeed, there is no allegation in Plaintiff's Complaint that there was a commercial interest or motivation by the District. Additionally, by their nature, the posts are simply an expression of approval. As such, this factor weighs in favor of fair use, or at a minimum, is neutral.

10. The second factor relates to the nature of the copyrighted work and whether it is factual or creative. 17 U.S.C. § 107(2). In his Complaint, Plaintiff describes his work as a widely published and successful sports psychology book published in 1982. Even if the passage could be considered to have a substantial size quotation from the book, it is just a small portion of a much more substantial work. Under this factor, courts generally consider two distinct inquiries. *Peteski Prods., Inc. v. Rothman*, 264 F. Supp. 3d 731, 740 (E.D. Tex. 2017) (citing *MCA, Inc. v. Wilson*, 677 F.2d 180, 182 (2nd Cir. 1981); *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1268 (11th Cir. 2014)). First, highly creative or fictional works are generally more protected. *Id.* Second, use of an unpublished work is less likely to be fair use. *Id.* Here, there is nothing to suggest that Plaintiff's book is a fictional work, but rather somewhat factual, and as such, it does not rise to the level of a highly creative or fictional work. In the case at bar, the WIN passage has also long been published in Plaintiff's book and was available on the internet before these posts. Therefore, this factor does not favor either Plaintiff or Defendant.

11. The third factor deals with the amount and substantiality of the work used in relation to the whole work. Plaintiff's referenced work is 72 pages long, and the alleged passage appears to be one page of that work. While Plaintiff claims this is the "heart" of the work, that does not change the fact that the alleged passage is only a fraction of the whole work. This factor also weighs in favor of Defendant.

12. The last factor focuses on the potential market/value of the copyrighted work. "This factor requires courts to consider not only actual harm to the market for the original, but also whether widespread use of the work, like the sort complained of by the copyright-holder, would impair the potential market for the original work and any derivative works." *Peteski Prods., Inc.*, 264 F. Supp. 3d at 742 (citing *Compaq Computer Corp. v. Ergonome, Inc.*, 387 F.3d 403, 410 (5th Cir. 2004)).

Here, Plaintiff at best provides some suggestion that this will affect the market for his work. However, there is also presumption. There is no allegation that Plaintiff's sales dropped or any other negative impact connected to the posts. If anything, the small portion of the book quoted in the article acted as an advertisement of Plaintiff's full-length work. As shown in the full photo included in the posts, the work is attributed to "Dr. Keith Bell." (DE 1, p. 33). Plaintiff has not allege that he suffered any decline in requests for licenses or assignments of his book after the posts appeared. Moreover, Defendants would not have needed to obtain a license from Plaintiff or pay him some sort of remuneration if this posting qualified as fair use. The lack of sufficient allegation that the use of this passage negatively affected the potential market for or value of the copyrighted work also favors Defendants.

13.     Thus, weighing each of the factors for determining fair use, Defendant asks the Court to conclude that the fair use doctrine applies and grant Defendant's motion to dismiss Plaintiff's infringement causes of action for failure to state a claim on which relief can be granted.

### B.     Plaintiff cannot state a claim for vicarious copyright infringement.

14.     Plaintiff's Complaint alleges in the alternative, the District "has a right and ability to supervise direct infringers CTHS Softball and CTHS Softball [sic],[3] and should be liable under the theory of vicarious infringement, even if Eagle Mountain ISD initially lacked knowledge of the infringement." (DE 1, p. 13, ¶42). However, for the following reasons, these allegations alone do not raise a plausible claim for vicarious infringement and should be dismissed.

15.     Vicarious infringement establishes liability when the "defendant profits *directly* from the infringement and has a right and ability to supervise the direct infringer, even if the defendant

---

[3]     Plaintiff's Complaint references the CTHS Softball twice, and as such he has not alleged that the CTHS Color Guard page also displayed the passage. However, Defendant assumes this is a typographical error and will address both posts here noting that the pleading is deficient.

initially lacks knowledge of the infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. at 930 n. 9, 125 U.S. 2776 (2005) (emphasis added). Thus, to allege vicarious infringement, the plaintiff must plausibly plead that the defendant "(1) had a ***direct financial interest*** in the infringing activity; and (2) had the right and ability to supervise the infringing party's acts which caused the infringement." *ZeniMax*, 166 F. Supp. 3d at 704 (emphasis added).

16. A direct financial interest exists where "the availability of the infringing material acts as a 'draw' for customers." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2014) (internal quotation marks and citations omitted). "The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of how substantial the benefit is in proportion to a defendant's overall profits." *Id*. at 1079. Notably, a direct financial interest arises where the infringing activity is the "draw" for customers and "significant" financial benefits "flow directly" from the infringing activity that the defendant helps to facilitate. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262-63 (9th Cir. 1996) (holding that customers were drawn to defendant's facility to buy counterfeit recordings at bargain basement prices).[4] Thus, Plaintiff's Complaint must make a plausible allegation that the allegedly infringing Twitter posts provided EMSISD with some direct financial benefit.

17. However, Plaintiff's factual allegations fail to raise the right to relief above the speculative level as required by *Twombly*. The complaint makes no specific allegation that the District received a direct financial benefit from the Twitter posts. The tweet itself contains no language inviting readers to act in the District's commercial interests. (DE 1, pp. 26-33). The tweet contains no

---

[4] As a public school district, EMSISD receives no directly flowing benefit from the alleged infringing activity. Indeed, the allegations in the Complaint fall short of stating that the Twitter account where the alleged postings occurred are even a District-maintained or -operated websites.

reference to EMSISD, students of EMSISD, or the surrounding community. *Id*. Even if one were to assume that the passage plausibly inspired students, the District derives no direct financial benefit; these results would merely lead to the speculative possibility of other indirect financial benefits, if any. As such, Plaintiff fails to establish that EMSISD derived any direct financial benefit that could be "distinctly attributable" to the allegedly infringing Twitter post. *Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 613 (9th Cir. 2018) (involving a copyright claim with a direct financial benefit prong that is applied in the same manner as the common law standard for vicarious liability).

### C. Plaintiff cannot state a claim for contributory copyright infringement.

18. Plaintiff also alternatively claims that EMSISD is liable for contributory infringement because the District "employs all the actors involved in the infringing posts, has a social media policy allowing these posts, and is aware that the coaches, players, and other ISD personnel post such infringing works, and should thus be liable under the theory of contributory infringement by knowingly materially contributing to another's infringing conduct." (DE 1, p. 13, ¶43).

19. "A party is liable for contributory infringement when it, 'with knowledge of the infringing activity, induces, causes or materially contributes to infringing conduct of another.' " *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (citation omitted). Even if Plaintiff sufficiently alleged EMSISD had the requisite knowledge of any infringement by an employee, he does not sufficiently allege the school district induced, caused, or materially contributed to the infringement. The complaint baldly states that EMSISD materially contributed to the tweet and nothing more. (DE 1, p. 13, ¶43). This allegation is simply insufficient to plead a plausible case of contributory infringement because it cannot establish that the school district encouraged, enabled,

supported, or endorsed the post simply because it had a general policy prohibiting copyright infringement.

20.     Plaintiff has not set forth plausible facts that EMSISD knew about the alleged infringement prior to receiving communications from Plaintiff or that EMSISD acted in concert with the alleged direct infringer. *See also DynaStudy, Inc. v. Houston Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 777 (S.D. Tex. 2017) (holding that Plaintiff had not stated a claim for contributory copyright infringement). Thus, Plaintiff has not and cannot set forth a viable claim for contributory infringement.

> **D.    To the extent the Court finds any claim rises above the plausibility standard at this stage as it must, Plaintiff's copyright claims should be alternatively dismissed based on the doctrine of innocent infringement.**

21.     EMSISD also asserts the affirmative defense of innocent infringement of copyright. Under Rule 12(b)(6), defenses must be raised as an affirmative defense in a responsive pleading, but a party may assert a failure to state a claim upon which relief can be granted "by motion." FED. R. CIV. P. 12(b)(6); *Bell v. Magna Times, LLC*, 2:18-cv-00497-DAK-EJF, 2019 WL 1896579 at *3 (D. Utah April 29, 2019) (another case brought by Plaintiff). Just as in the affirmative defense of fair use, innocent infringement may be decided on the facts as pleaded and the exhibits to the Complaint.

22.     Any person who innocently infringes a copyright, in reliance upon an authorized copy or phono record from which the copyright notice has been omitted, incurs no liability for actual or statutory damages under 17 U.S.C. § 504 for any infringing acts before receiving actual notice that registration for the work has been made under 17 U.S.C. § 408, if such person proves that he or she was misled by the omission of notice. As the exhibits to Plaintiff's Complaint show, there is

no indication on the copy of the WIN passage that it was protected by copyright, nor whether the copy was authorized, and no indication that this would not be fair use or an educational use.

23.     Innocent infringement, or copying from a third source wrongfully copied from Plaintiff, without knowledge that the third source was infringing, does not absolve the defendant of liability for copying. However, the statute provides:

> [W]here the infringer sustains the burden of proving ... that [he] was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

17 U.S.C. § 504(c)(2). If a defendant makes a case that the defendant had no notice that the work copied was protected by copyright, the court has discretion to reduce minimum statutory damages from $750 to $200. *Maverick Recording Co. v. Harper*, 598 F.3d 193, 198 (5th Cir. 2010). In a case where a photographer sued a department store for using the photographer's copyrighted slides, the court found the department store to be an innocent infringer because the slides had no indication of copyright. *Estate of Vane v. The Fair*, 849 F.2d 186, 190-91 (5th Cir. 1988). *Vane* required in-court testimony for the photographer to identify the slides and agree that there were no indications of copyright. In this case, however, the work is shown in Exhibits D and E (DE 1, pp. 26-33), provided by Plaintiff. The Court may view the evidence provided by Plaintiff and make its own assessment to find innocent infringement. At a minimum, this Court should find as a matter of law, that any infringement was innocent.

     **E.     Plaintiff's declaratory action under Federal Rule of Civil Procedure 57 should also be dismissed.**

24.     Plaintiff claims that he seeks "Declaratory Judgment under 28 U.S.C. § 2201 under Rule 57." (DE 1, p. 14, ¶47). However, he fails to indicate what declaration action he is seeking or

indicate any basis that has waived the District's immunity for such action. As such, his claim should be dismissed.

25. The Declaratory Judgment Act, although it is a federal law, does not confer jurisdiction on the federal courts. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937) ("[T]he operation of the Declaratory Judgment Act is procedural only."). When a plaintiff seeks relief in the form of declaratory judgment, there is no federal jurisdiction "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting 10A Charles Alan Wright, et. al, Federal Practice and Procedure § 2767, at 744–745 (2d ed. 1983)); *see Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a substantive cause of action. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ( "The federal Declaratory Judgment Act ... is procedural only"). A declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual controversy" arising under other substantive law. *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990). Here, although Plaintiff has not articulated what declaration he seeks, even if he did, one can surmise that it is duplicative of his claims under the Copyright Act. Thus, the proper vehicle for asserting Plaintiff's copyright claims in this case is the Copyright Act. *See, e.g., Brewer v. Gutierrez*, No. A-18-CV-1061-LY, 2019 WL 2177917, at *2 (W.D. Tex. May 20, 2019) (dismissing the federal declaratory action claims related to Section 1983 USC claims as the proper vehicle was Section 1983).

26.     Plaintiff has alleged no facts to evaluate whether federal jurisdiction exists for his declaratory action and even if he did they appear to be inappropriate. As such, he fails under the pleading standard and his claims should be dismissed under Rule 12(b)(1). Plaintiff's inclusion of this relief appears to be nothing more than an attempt to secure attorneys' fees where he would normally be limited to the discretionary attorneys' fees award that the Copyright Act permits. Of course, this is particularly telling where, as here, bringing federal litigation for a tweet does not seem like the type of case that warrants a damage award, let alone an award of attorneys' fees.

## IV.     CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant Eagle Mountain-Saginaw Independent School District asks the Court to grant its motion to dismiss all claims and award any and all additional relief that the Court deems appropriate.

        Respectfully submitted,

        */s/ Kelley L. Kalchthaler*
        KELLEY L. KALCHTHALER
        State Bar No. 24074509
        WALSH GALLEGOS TREVIÑO
          RUSSO & KYLE P.C.
        505 E. Huntland Drive, Suite 600
        Austin, Texas 78752
        Phone: (512) 454-6864
        Fax: (512) 467-9318
        Email: kkalchthaler@wabsa.com

        MEREDITH PRYKRYL WALKER
        State Bar No. 24056487
        WALSH GALLEGOS TREVIÑO
          RUSSO & KYLE P.C.
        105 Decker Court, Suite 700
        Irving, Texas 75062
        Phone: (214) 574-8800
        Fax: (214) 574-8801
        Email: mwalker@wabsa.com

        ***ATTORNEYS FOR DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT***

## CERTIFICATE OF SERVICE

    I hereby certify that on the 8th day of January, 2021, a true and correct copy of the above and foregoing document was served upon all counsel of record as follows:

    Warren V. Norred                            ***Via Electronic Case Filing***
    NORRED LAW, PLLC
    515 E. Border Street
    Arlington, Texas 76010

        */s/ Kelley L. Kalchthaler*
        KELLEY L. KALCHTHALER