UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| KEITH BELL, §<br>  *Plaintiff,* §<br>§<br>*v.* §<br>§ Civil Action No. 4:20-cv-1157-P<br>EAGLE MOUNTAIN SAGINAW §<br>INDEPENDENT SCHOOL DISTRICT §<br>  *Defendant.* § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR DISMISS

TO THE HONORABLE JUDGE OF THIS COURT

    COMES NOW Keith Bell ("Plaintiff" or "Bell") to file this response to Eagle Mountain Saginaw Independent School District's ("Defendant", "EMSISD", or "District") *Motion to Dismiss* ("Motion"). This response is filed in an abundance of caution anticipating Defendant's refilling its currently struck Motion and ensure no ambiguity regarding a timely filed response.

### I. SUMMARY

1.    In December of 2017, both Chisholm Trail High School Softball and Color Guard published a passage containing the core message of Dr. Bell's copyrighted work, *Winning Isn't Normal*, without authorization. Eagle Mountain ISD's infringement continued until Plaintiff discovered the infringing content in November of 2018. Eagle Mountain ISD continued to violate federal law through this infringement without taking any disciplinary action.

2.    Following Dr. Bell's filing of suit, Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6). In this motion and supporting *Brief in Support of its Motion to Dismiss* ("Brief") Defendant argues that Dr. Bell has alleged no claim upon which relief can be granted.

3.    Contrary to Defendant's assertions, Dr. Bell has asserted actionable claims upon which relief may be granted. These claims are not only based upon the factual occurrences of EMSISD's violations of federal copyright law, but also upon well-established legal precedence.

## II. TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | SUMMARY | 1 |
| II. | TABLE OF CONTENTS | 2 |
| III. | TABLE OF AUTHORITIES | 3 |
| IV. | MOTION TO DISMISS STANDARD | 4 |
| V. | ARGUMENTS AND AUTHORITIES | 4 |
| | A.  Plaintiff has clearly stated a direct infringement claim against the Defendant. | 4 |
| | B.  Defendant fails to show fair use of the WIN passage. | 5 |
| |     i.  Factor One – purpose and character of the use - weighs against Defendant. | 5 |
| |     ii. Factor Two - the nature of the copyrighted work - favors Dr. Bell. | 6 |
| |     iii. Factor Three - portion used in relation to the copyrighted work – favors Dr. Bell. | 6 |
| |     iv. Factor Four - effect of the use on the potential market – favors Dr. Bell. | 7 |
| | C.  Plaintiff has shown alternative vicarious infringement of his copyright. | 8 |
| | D.  Plaintiff has also shown contributory copyright infringement by Defendant. | 9 |
| | E.  Defendant's actions do not constitute innocent infringement. | 10 |
| | F.  Plaintiff abandons and dismisses his Declaratory Judgment claim. | 11 |
| VI. | PRAYER | 11 |

### III. TABLE OF AUTHORITIES

<u>CASES</u>

*Alcatel USA, Inc. v. DGI Techs., Inc.*, 166F.3d 772, 790 (5th Cir. 1999) ............ 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009) ............ 9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007) ............ 9

*Blanch v. Koons*, 467 F.3d 244, 253 (2nd Cir. 2006) ............ 5

*Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1271 (11th Cir. 2014) ............ 6

*Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1276 (11th Cir. 2014) ............ 7, 8

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ............ 5, 6, 7, 8

*Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 410 (5th Cir. 2004) ............ 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991) ............ 5

*Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ............ 5

*Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539 (1985) ............ 5

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 918, 125 S. Ct. 2764, 2770 (2005) ............ 8

*Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ............ 5

*Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ............ 4

*ZeniMax Media, Inc. v. Oculus VR, LLC*, 116 F. Supp. 3d 697, 704 (N.D. Tex. 2015) ............ 4, 8

<u>STATUTES</u>

17 U.S.C. § 107 ............ 5, 6, 8

17 U.S.C. § 408 ............ 10

17 U.S.C. § 501 ............ 4

17 U.S.C. § 504 ............ 10, 11

### IV.     MOTION TO DISMISS STANDARD

4.     Both Parties agree to the standard for a Motion to Dismiss under the FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

5.     Plaintiff agrees to the standard for a challenge to the jurisdiction under the FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), but respectfully suggests it is irrelevant to this suit as there is no jurisdictional question at stake.

### V.     ARGUMENTS AND AUTHORITIES

**A.  Plaintiff has clearly stated a direct infringement claim against the Defendant.**

6.     In paragraph five of its Brief (Doc. 10), EMSISD declares that Dr. Bell failed to state a direct infringement claim against Defendants, stating in part that the District cannot publish any content on any social media platform, asserting "The District itself cannot tweet or post on social media." The District even goes so far as to claim that Dr. Bell did not allege that any agent or employee of the District published the WIN passage in question.

7.     But the Brief itself implies that the District does publish on social media by referencing its own published posts, stating at paragraph eight of the Brief, "However, It is clear on their face that the posts lack any obvious commercial characteristics. The Twitter pages are clearly intended to share information about the softball team and color guard." The District goes on to contradicts its own position by asserting that it should not be held liable for copyright infringement since the District's use of Dr. Bell's work would fall under fair use. The District's own argument thus admits use of Dr. Bell's work, negating the District's earlier "we aren't publishing" statement.

8.     In its analysis, Defendant fails to acknowledge ¶¶ 37-39 of Dr. Bell's *Original Complaint* in which he clearly states the District published Plaintiff's copyrighted WIN passage in violation of 17 U.S.C. § 501 as clarified in *ZeniMax Media, Inc. v. Oculus VR*, LLC, 116 F. Supp. 3d 697, 704 (N.D. Tex. 2015).

9. Plaintiff Dr. Keith Bell owns a valid copyright as demonstrated by the United States Copyright Office Registration Number TX-0002-6726-44 presented first in Plaintiff's ¶ 11 of its *Original Complaint*. Dr. Bell also materially demonstrated that the District copied and published constituent elements of Dr. Bell's work that are original. See ¶¶ 22-31 and Exhibits D and E of Plaintiff's *Original Complaint*. Dr. Bell met the requirements of law to show a more than conclusory allegations. *See Tuchman v. DSC Comm'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005); s*ee also Gen. Universal Sys. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991).

**B.    Defendant fails to show fair use of the WIN passage.**

10. Plaintiff's ¶ 36 of its Original Complaint is incorporated by reference here.

11. In ¶ 7 of its Motion, the District argues that the infringing posts fall under the fair use exception copyrights found in 17 U.S.C. § 107. Continuing in the same paragraph, the District argues that "since the doctrine [of fair use] is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts." *Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

12. The District's analysis fails to recognize that fair use is a limited exemption with well-established case law clarifying the four considerations of 17 U.S.C. § 107.

   i.    <u>Factor One – purpose and character of the use - weighs against Defendant.</u>

13. In ¶ 8 of its Motion, the District argues that "the purpose and character" of its use of Dr. Bell's copyrighted WIN passage was not commercial in nature and so should be considered a fair use exception. The District goes on to cite *Blanch v. Koons*, 467 F.3d 244, 253 (2nd Cir. 2006) to claim that commercial use only occurs when the significant revenue is captured from the use.

14. Despite the non-controlling nature of the Second Circuit Court of Appeals case, this case goes on to cite the supreme court case, *Campbell v. Acuff-Rose Music*, which teaches "[W]hen a commercial use amounts to mere duplication of the entirety of an original, it clearly "supersede[s] the objects," of the original and serves as a market replacement for it, making it likely that cognizable market harm to the original will occur." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 591 (1994) (citations omitted). The District's publishing can only be considered a "mere duplication" of the original and therefore not fair use.

15. "[T]he purposes and character" (*Campbell v. Acuff-Rose Music Inc.*, 510 U.S. 569 (1994)) of the infringement weighs against fair use if it is non-transformative. As Dr. Bell demonstrates in ¶¶ 22-31 and 37-39 of his Original Complaint, the District copied and published substantially the heart of Dr. Bell's work without the transformation necessary to be considered a fair use exception. Therefore, factor one of the Fair Use exemption weighs against the District.

  ii.    <u>Factor Two - the nature of the copyrighted work - favors Dr. Bell.</u>

16. In ¶ 10 of its Motion, the District agrees with Dr. Bell that his work is at least in part factual and is widely published. While published works are less protected than unpublished works, Dr. Bell's work is creative and shown to be novel enough that he could use it as the crux of his teachings. In no way could a person claim that the work should be considered part of the public domain. Dr. Bell has not acted in any way to suggest that his work should be considered available to any user. Thus, this factor should at least lean against a finding of fair use.

  iii.    <u>Factor Three - portion used in relation to the copyrighted work – favors Dr. Bell.</u>

17. In ¶ 11 of its Motion, the District claims that factor three of 17 U.S.C. § 107 weighs in favor of the Defendant since it alleges that one page out of an approximately seventy-page work cannot be "substantially the heart" of Dr. Bell's work.

18.     It is worthy of note that the third factor considers the "amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107. This determination considers "not only ... the quantity of the materials used, but ... their quality and importance, too." *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1271 (11th Cir. 2014) (quoting *Campbell*, 510 U.S. at 587). Even if a small portion of a work is copied, this factor can still demonstrate against fair use if the copied portion is "the heart of the work." Harper found that the third factor disfavored fair use in a case where 300 words were taken out of 200,000 words in President Ford's memoirs because they were "the most interesting and moving parts of the entire manuscript" or "the heart of the work". *See Harper & Row Pub., Inc. v. Nation Enters.*, 471 U.S. 539 (1985).

19.     In this case, the WIN passage must be considered the heart of Dr. Bell's work. As Dr. Bell demonstrated in ¶¶ 10-21 and 40(c) of his Original Complaint, incorporated here by reference, Dr. Bell has taken extensive steps to show how the WIN passage is the heart of his work as well actively protecting it. Among other steps take, Dr. Bell markets and sells works derived from his work such as posters and t-shirts displaying the WIN passage, owns the web domain winningisntnormal.com, and has even obtained a federally registered trademark for the phrase "WINNING ISN'T NORMAL".

20.     Therefore, the third factor weighs against a finding of fair use since the WIN passage is substantially the heart of Dr. Bell's copyrighted work.

 iv.    <u>Factor Four - effect of the use on the potential market – favors Dr. Bell.</u>

21.     The fourth factor is "the effect on the potential market or value of the copyrighted work." *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 410 (5th Cir. 2004).

22.     In ¶ 12 of its Motion, Defendant suggests that there is no negative market effect for Dr. Bell's work and so it has fair use under the fourth factor. Specifically, the District alleges that

there is no decrease in the demand for licenses or the actual work caused by the District's publishing Dr. Bell's copyrighted work. In fact, the District goes so far as to claim its publishment might have even acted as an advertisement for Dr. Bell's work.

23. Contrary to the District's analysis, the fourth factor finds a negative effect on the potential market value when, as in this case, the unlicensed publishing is non-transformative and merely copying. See *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 591 (1994). Additionally, the 11th Circuit provides insight into the nature of the fourth factor when its states:

> The central question under the fourth factor is not whether Defendants' use of Plaintiffs' works caused Plaintiffs to lose some potential revenue. Rather, it is whether Defendants' use—taking into account the damage that might occur if "everybody did it"—would cause substantial economic harm such that allowing it would frustrate the purposes of copyright by materially impairing Defendants' incentive to publish the work.

*Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1276 (11th Cir. 2014).

24. It is plausible and even probable that if social media use of the WIN Passage became even more widespread, the incentive to purchase Winning Isn't Normal or related merchandise could fall since the WIN passage is substantially "the heart of the work". Thus, the fourth factor does not weigh in favor of the Defendant.

25. Summarizing, the District's publishing the WIN passage constitutes a clearly and materially stated instance of direct infringement, which the Defendant has failed to show falls under the fair use exemption as described in 17 U.S.C. § 107 constitutes fair use.

**C. Plaintiff has shown alternative vicarious infringement of his copyright.**

26. In ¶ 15 of its Motion, claims that vicarious infringement occurs when an entity profits directly from the infringing publication and has the right and ability to supervise the direct infringer, regardless of whether the beneficiary knew of the infringement at the time of occurrence. *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 918, 125 S. Ct. 2764, 2770 (2005). *See also ZeniMax Media, Inc. v. Oculus VR, LLC*, 116 F. Supp. 3d 697, 704 (N.D. Tex.

2015). Continuing in ¶ 16 of its Motion, the District cites two Ninth Circuit Court of Appeals cases to back its claim that the time direct financial interest occurs is when the availability of the infringing material acts as a 'draw' for customers.

27. Neither *Ellison v. Robertson* nor *Fonovisa, Inc. v. Cherry Auction, Inc*. are controlling in this case. Referring to *Campbell*, which is controlling, financial interest can be determined by the market benefit the infringing party receives. Again, "when a commercial use amounts to mere duplication of the entirety of an original, it clearly supersede[s] the objects, of the original and serves as a market replacement for it, making it likely that cognizable market harm to the original will occur." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 591 (1994) (cleaned up). As stated earlier, the District benefits directly from the infringing posts by presenting the heart of Dr. Bell's work without license, motivating its student athletes by stealing from the creator of the works doing the motivating. Even if this Court finds that the District did not directly infringe, it still benefits vicariously from the actions of its employees posting Dr. Bell's copyrighted content through presenting a direct replacement for Dr. Bell's work.

28. Responding to Defendant's ¶ 17, Dr. Bell has substantively demonstrated allegations that meet the burden established by *Twombly* to rise above mere speculation. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). Additionally, Dr. Bell has met the burden established by *Ashcroft v. Iqbal* to provide factual allegations, facts which the District has in all but one instance ignored. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Therefore, if this Court does not find direct infringement from the District, Dr. Bell respectfully requests this Court alternatively find vicarious infringement.

**D. Plaintiff has also shown contributory copyright infringement by Defendant.**

29. To support its claim of innocence from infringement, the District states in ¶ 19 that there has been too little evidence or material facts to demonstrate a contributory infringement.

Contrary to the District's position, Plaintiff Dr. Bell has definitively outlined the infringement to which the District contributed. It is Dr. Bell's belief upon available evidence that the District itself should be held responsible for the published content on its own social media pages. However, Dr. Bell presents contributory infringement as an alternative should this Court abdicate the District's obvious responsibility for its published content.

30.     As described by the Fifth Circuit Court of Appeals, contributory infringement occurs when an entity knowingly and materially contributes to another's infringing conduct. See *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166F.3d 772, 790 (5th Cir. 1999). While the District may claim that it did not contribute to the infringement, it is apparent from its agents acted in an infringing way, enabled by the public accounts of the District.

**E.  Defendant's actions do not constitute innocent infringement.**

31.     In ¶¶ 21-23, the District asserts an affirmative defense of innocent infringement based on 17 U.S.C. §§ 408 and 504. Specifically, the District claims innocent infringement occurred because it believes there was no indication for the copyright protection for the WIN passage.

32.     The affirmative defense of innocent infringement does not comport with the facts presented by either party. 17 U.S.C. § 504(c)(2) states that innocent infringement applies when the infringing entity is, "not aware and no reason to believe that his or her acts constituted an infringement of a copyright." As Dr. Bell demonstrates in his Original Complaint ¶¶ 23-26, the District was aware of the origin of the WIN passage since the post includes an accreditation to Dr. Bell. Dr. Bell has made no secret of his work and jealous protection of it as shown in ¶¶ 10-21 of his Original Complaint. Dr. Bell first obtained a copyright for his work Winning Isn't Normal in 1989 and copyrighted the exact passage as of 2017. Additionally, Dr. Bell obtained a trademark for his "WINNING ISN'T NORMAL" mark in 2014. In the intervening years

between the first publishing date of his work and the present, Dr. Bell has marketed and sold his work as well as publicly offering reasonable licenses for the use of his copyrighted material.

33.     Dr. Bell places notices of his copyright protections on all his current official material. The material published by the District is not his original material but a copy of his material that does not include his indication of copyright. While the District may assert that is had no indication of copyright, the facts and evidence presented speak to the contrary, defeating an affirmative defense of innocent infringement.

34.     Finally, innocent infringement is a defense limiting damages, not an affirmative defense asserted in support of a motion to dismiss. 17 U.S.C. § 504(c).

**F.  Plaintiff abandons and dismisses his Declaratory Judgment claim.**

35.     Plaintiff hereby abandons and dismisses his Declaratory Judgment claim made under 28 U.S.C. § 2201 and the Federal Rule of Civil Procedure 57.

## VI.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dr. Keith Bell respectfully prays this Court deny Defendant Eagle Mountain Saginaw Independent School District's Motion to Dismiss and award all relief to Plaintiff that the Court deems appropriate.

> Respectfully submitted,
> By:/s/Warren V. Norred
> **Warren Norred**, Texas Bar No. 24045094
> Norred Law, PLLC; 515 E. Border
> Arlington, TX 76001
> wnorred@norredlaw.com
> Tel: (817) 704-3984, Fax: (817) 549-0161
> ***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE** - I hereby certify that a true and accurate copy of this Notice of Reliance has been served on Kelly Kalchthaler, counsel for Defendant, on February 1, 2021, via the Court's e-file system and via email to kkalchthaler@wabsa.com.

> s/Warren V. Norred
> Warren V. Norred