UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH BELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:20-cv-1157-P |
| EAGLE MOUNTAIN SAGINAW | § | |
| INDEPENDENT SCHOOL DISTRICT | § | |
|     Defendant. | § | |

**JOINT STATUS REPORT**

Plaintiff, Dr. Keith Bell ("Bell"), and Defendant, Eagle Mountain Saginaw Independent School District ("Eagle Mountain-Saginaw ISD" or "District"), hereby submit the following Joint Status Report pursuant to this Court's Status Report Order dated Feb. 5, 2021 (Docket Entry 14).

**I.     SCHEDULING CONFERENCE**

1.     Warren Norred for the Plaintiff and Meredith Walker for the Defendant appeared and participated in an in-person Scheduling Conference on February 23, 2021 at 3:00 p.m. at White Rhino Coffee in Arlington, Texas. The parties discussed settlement and will continue negotiations to determine whether this matter can be resolved.

**II.     BRIEF STATEMENT OF THE NATURE OF THE CASE**

2.     Summarizing, in December of 2017, both Chisholm Trail High School Softball and Color Guard published a passage, known as the WIN passage, commonly attributed to Dr. Bell's copyrighted work, *Winning Isn't Normal*, without authorization. Dr. Bell sent a demand letter and filed this suit seeking damages for copyright infringement and asserts the following claims:

    a.   The District directly infringed Dr. Bell's copyright.

    b.   The District vicariously infringed Dr. Bell's copyright.

    c.   The District contributorily infringed Dr. Bell's copyright.

3.      Eagle Mountain-Saginaw ISD denies any wrongdoing by claiming that Dr. Bell had not stated a claim for direct infringement, vicarious infringement, or contributory infringement, and asserts several affirmative defenses as follows:

  a.  To the extent the Court found any claim to rise above the plausibility standard, the District asserts its use of the WIN passage constitutes fair use.

  b.  To the extent the Court found any claim to rise above the plausibility standard, the District asserts its use of the WIN passage constitutes innocent infringement.

### III.    JOINDER OF OTHER PARTIES AND AMENDING PLEADINGS

4.      The present parties do not anticipate joining any other parties or amending their pleadings. If Plaintiff or Defendant find it necessary to join additional parties or amend their pleadings, both parties propose April 5, 2021 as the deadline to join other parties.

### IV.    PROPOSED TIME LIMIT TO FILE MOTIONS

5.      There is a Motion to Dismiss 12(b)(6) pending before the court. If the Motion to Dismiss is not granted, the parties anticipate that summary judgment motions may be filed in this case and respectfully request that the Court set a dispositive motion deadline for a date following the close of discovery (proposed for December 20, 2021).

### V.    EXPERT WITNESSES

6.      Parties intend to designate expert witnesses and rebuttal expert witnesses and make the expert disclosures required by Rule 26(a)(2). Hence, both parties request the deadline to designate said witness be September 27, 2021.

## VI.    ESTIMATE OF TIME NEEDED FOR DISCOVERY

**1.  Time Needed for Discovery**

7.      The parties anticipate that they will need eight months for discovery to allow adequate time to exchange documents, propound written discovery, and take any fact and expert witness depositions. The parties propose the following dates:

>   a.   complete non-expert discovery: <u>September 20, 2021</u>

>   b.   complete expert discovery: <u>December 20, 2021</u>

**2.  Discovery Needed**

8.      Dr. Bell will seek discovery on Defendant's employment instructions, rules, and social media posts. Dr. Bell anticipates the need to depose members of the Eagle Mountain-Saginaw ISD management, any social media personnel working for the District, and any of Defendants' employees who may have relevant knowledge.

9.      Eagle Mountain-Saginaw ISD will seek discovery regarding damages and value of the damages claimed, including licenses issued by Dr. Bell. Eagle Mountain-Saginaw ISD will also seek discovery regarding the circumstances of how and when Dr. Bell discovered the posts at issue. Eagle Mountain-Saginaw ISD intends to depose Plaintiff.

10.     The parties reserve the right to seek discovery on additional subjects as their investigation continues. The parties do not believe that discovery should be conducted in phases or limited in any way beyond the general limitations on discovery set forth in Rule 26.

11.     Parties have discussed and do not believe any limitations on discovery should be set.

## VII.    ELECTRONICALLY STORED INFORMATION

12.     Parties intend to communicate ESI in the form of PDFs transmitted over email first or through a secure online portal if such production is larger than the file size limit of the internet service provider. If any element of ESI is too large or cumbersome for parties to transmit via the

aforementioned methods, parties agree to mail a thumb drive containing the relevant production via first class mail or deliver it in-person. The parties have discussed and do not anticipate any issues with respect to the discovery of ESI or claims of privilege.

### VIII.    PRIVILEGED OR TRIAL-PREPARATION MATERIAL

13.    Both parties do not believe any material to be privileged or require special treatment outside the normal civil rules. The parties agree that previous settlements and licenses are relevant and may be disclosed to counsel, but details of such discussions which are private will not be specifically detailed in public pleadings. The parties also agree that should the District seek discovery on Dr. Bell's personal finances and net worth then the parties will confer in good faith regarding a protective order as appropriate.

### IX.    TRIAL DATE, LENGTH OF TRIAL, AND JURY DEMAND

14.    The parties propose a trial date on or after <u>January 17, 2022</u>.  The parties estimate that trial will take approximately three days.  A jury has been demanded. If the Court cannot schedule trial in January 2022, Eagle-Mountain-Saginaw ISD respectfully requests the Court not set trial on the following anticipated dates:

- Weeks of March 14 and March 21, 2022 for Spring Break
- March 28, 2022 through April 22, 2022 when state standardized testing is expected (see Texas Education Agency ("TEA") proposed calendar: https://tea.texas.gov/sites/default/files/2021-2022%20Testing%20Calendar%20Update_09.30.20.pdf), and
- Last two weeks of May 2022 because of final exams and graduation.

### X.    MEDIATION

15.    The parties continue to work effectively toward resolution, but if the parties reach an impasse, they are willing to mediate the dispute.  The parties believe mediation, if necessary, would be most effective after the parties have exchanged their initial disclosures and conducted limited discovery.

## XI.    INITIAL DISCLOSURES

16.      Parties intend to serve their initial disclosures via email, secure online portal, or by mail. The parties request that their deadline for providing initial disclosures under Rule 26(a)(1) be modified to 14 days after this Court issues a scheduling order under Rule 16(b). The parties do not request that any changes be made to the form or requirement for disclosures under Rule 26(a).

## XII.    TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE

17.      The Parties do not consent to trial before a United States Magistrate Judge per 28 U.S.C.A. § 636(c).

## XIII.    MATTERS REQUIRING CONFERENCE WITH THE COURT

18.      There are none at this time.

## XIV.    OTHER MATTERS RELEVANT TO STATUS AND DISPOSITION OF CASE

19.      Other than what is outlined herein, the parties are currently unaware of any other matters relevant to the status and disposition of the case.

Respectfully submitted,

__/s/ Warren V. Norred_____     __/s/ Kelley L. Kalchthaler_____
WARREN V. NORRED                        KELLEY L. KALCHTHALER
wnorred@norredlaw.com                   kkalchthaler@wabsa.com
NORRED LAW, PLLC                       State Bar No. 24074509
515 E. Border St.                            WALSH GALLEGOS TREVIÑO
Arlington, Texas 76010                   RUSSO & KYLE P.C.
(817) 704-3984 office                     505 E. Huntland Drive, Suite 600
(817) 524-6686 fax                       Austin, Texas 78752
                                      (512) 454-6864 office
**ATTORNEY FOR PLAINTIFF**       (512) 467-9318 fax

                                      MEREDITH PRYKRYL WALKER
                                      mwalker@wabsa.com
                                      State Bar No. 24056487
                                      WALSH GALLEGOS TREVIÑO
                                      RUSSO & KYLE P.C.
                                      105 Decker Court, Suite 700
                                      Irving, Texas 75062
                                      (214) 574-8800 office
                                      (214) 574-8801 fax

                                **ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on the 3rd day of March, 2021, a true and correct copy of the above and foregoing document was served upon all counsel of record as follows:

      Warren V. Norred                   ***Via Electronic Case Filing***
      NORRED LAW, PLLC
      515 E. Border Street
      Arlington, Texas 76010

                            __/s/ Kelley L. Kalchthaler_____
                            KELLEY L. KALCHTHALER