UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEITH BELL,<br>    Plaintiff, § § § | |
| v. § § | CIVIL ACTION NO. 4:20-cv-1157-P |
| EAGLE MOUNTAIN SAGINAW<br>INDEPENDENT SCHOOL DISTRICT<br>    Defendant. § § § | |

## DEFENDANT EAGLE MOUNTAIN-SAGINAW INDEPENDENT SCHOOL DISTRICT'S MOTION FOR ATTORNEYS' FEES

Defendant Eagle Mountain-Saginaw Independent School District ("EMSISD" or "District") moves the Court for attorneys' fees as the prevailing party in this cause of action, as provided by 17 U.S.C. §505 and as ordered by the Court in Docket Entry ("DE") 19, and respectfully would show the Court as follows:

### I.   NATURE OF THE CASE AND ISSUES PRESENTED

1.   Plaintiff Dr. Keith Bell filed suit against EMSISD on October 22, 2020. (DE 1). Plaintiff brought copyright infringement claims against the District based on a *single* tweet on December 9, 2017 by the Chisholm Trail High School Softball Twitter account (@CTHSSoftball), which was retweeted *once* by the Chisholm Trail High School Color Guard Twitter account (@CTHSColorGuard) that same day. (DE 1, p. 7, ¶22-26; pp. 27-28, 30-31). On January 8, 2021, Defendant EMSISD filed a Motion to Dismiss. (DE 9).

2.   On March 26, 2021, the Court granted Defendant's Motion to Dismiss, dismissing all claims alleged by Bell with prejudice and ordering an award of costs and attorneys' fees for EMSISD. The District now timely files this Motion seeking attorneys' fees.

## II.    ARGUMENTS AND AUTHORITIES

3. EMSISD seeks attorneys' fees against Plaintiff Keith Bell under 17 U.S.C. §505 and as ordered by the Court in Docket Entry ("DE") 19, based on Plaintiff's pursuit of litigation in bad faith and with improper motive. As the Court has noted, a brief review of the glut of lawsuits Bell has filed throughout the United States in the last few years reveals that he "is in the business of litigation, not protecting [his] copyrights or 'stimulat[ing] artistic creativity for the general public good.'" *Perfect 10, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *9 (C.D. Cal. Mar. 24, 2015), aff'd, 847 F.3d 657 (9th Cir. 2017) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994).[1]

### A.    EMSISD Is the Prevailing Party and the Law Favors an Award of Attorneys' Fees for the Prevailing Party

4. Title 17 U.S.C. section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

"Although attorney's fees are awarded in the trial court's discretion [in copyright cases], they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985) (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984); *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir. 1992); *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty,* 510 U.S. 517. There is no precise rule or formula that a district court must apply in determining

---

[1] Most recently, the United States District Court of the Northern District of California described Bell as a "professional litigant." *Bell v. Oakland Cmty. Pools Project, Inc.*, No. 19-CV-01308-JST, at *6 (N.D. Cal. Oct. 14, 2020).

whether to award attorneys' fees. *Id*. at 1034. However, the Supreme Court has identified a non-exclusive list of factors that may be considered: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of a case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at n. 19 (internal quotation marks and citation omitted). Fifth Circuit precedent also suggests consideration of whether an award of attorneys' fees would generally "promote[ ] the purposes of the Copyright Act." *See Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 589 (5th Cir. 2015). Defendant agrees with the Court that the suit was motivated by bad faith.

5.      As the Court notes, Bell has filed numerous lawsuits throughout the United States showing that he "is in the business of litigation, not protecting [his] copyrights or 'stimulat[ing] artistic creativity for the general public good.'" *Perfect 10, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *9 (quoting *Fogerty*, 510 U.S. at 527). As the Northern District of California noted last year, at that time, Bell had "filed over 26 copyright infringement lawsuits since 2006 and obtained settlements from at least 90 different alleged infringers," almost exclusively public school districts and non-profits, "all related to the WIN passage." *Oakland Cmty. Pools Project*, at 6 (emphasis added). The same WIN passage in that case appears in the instant case. An expert in *Oakland Cmty. Pools Project* valued Bell's claim at $12.83, constituting a $24,987.17 difference between the amount Bell sought for a release of liability and the amount the claim was actually worth—well over a 194,500% markup. *Id*. at 6. "Leveling exorbitant settlement demands at nonprofits and public schools does not advance the purposes of the Copyright Act." *See id*. at 7 (citing, No. C-12-2396 EMC, 2013 WL 3815677, at *2 (N.D. Cal. July 22, 2013).

  B.     **Necessary Legal Services**

6.      EMSISD retained Walsh Gallegos Treviño Kyle & Robinson, P.C. (Walsh Gallegos) to

defend it against Plaintiff's claims. In order to defend the District, Walsh Gallegos expended 52.1 hours and the District incurred $10,716.37 in legal fees and costs to date. The Declaration of Kelley Kalchthaler supporting the attorneys' fees incurred is included in a separately docketed Appendix filed contemporaneously with this document. A true and correct copy of the billing statements in this matter is attached to Ms. Kalchthaler's Declaration. The billing statements have been redacted to maintain the attorney-client privilege.

## III.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant EMSISD respectfully prays that this Court grant its Motion for Attorneys' Fees and award the District $10,716.37 payable by Plaintiff. EMSISD prays for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Kelley L. Kalchthaler*
KELLEY L. KALCHTHALER
State Bar No. 24074509
WALSH GALLEGOS TREVIÑO
  KYLE & ROBINSON P.C.
505 E. Huntland Drive, Suite 600
Austin, Texas 78752
Phone: (512) 454-6864
Fax: (512) 467-9318
Email: kkalchthaler@wabsa.com

MEREDITH PRYKRYL WALKER
State Bar No. 24056487
WALSH GALLEGOS TREVIÑO
  KYLE & ROBINSON P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
Phone: (214) 574-8800
Fax: (214) 574-8801
Email: mwalker@wabsa.com

***ATTORNEYS FOR DEFENDANT EAGLE MOUNTAIN SAGINAW INDEPENDENT SCHOOL DISTRICT***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April, 2021, a true and correct copy of the above and foregoing document was served upon all counsel of record as follows:

Warren V. Norred  *Via Electronic Case Filing*
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010

*/s/ Kelley L. Kalchthaler*
KELLEY L. KALCHTHALER